Law Office of Paul N. Cisternino, P.C.
*Attorneys for Plaintiff*
16 Briarbrook Road, Ossining, NY 10562
Phone (914) 330-1527   Email:*paulcist20@gmail.com*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
**NORMAN DELL,**

        **Plaintiff,**       **VERIFIED COMPLAINT**
                                      **AND JURY TRIAL DEMAND**

    -against-

                                        **INDEX NO.** _____

                                        **ASSIGNED JUDGE:**_____

**RICHMOND COMMUNITY SERVICES,**

        **Defendant.**
------------------------------------------------------------x

    Plaintiff Norman Dell, by and through his attorney, Paul N. Cisternino, as and for his Verified Complaint, alleges as follows:

### INTRODUCTION

    1. This is an action against the Defendant for the violation of Plaintiff's federally guaranteed constitutional and civil rights and his rights as otherwise guaranteed under law.

    2. Plaintiff seeks monetary compensation and other damages for the wrongful, illegal and unconstitutional acts of the Defendant which violated rights guaranteed to the Plaintiff under various federal and state laws, specifically Title VII of the Civil Rights Act of 1964 as amended by the Equal Employment Act of 1972, 42 U.S.C. §2000 *et seq*.,

and the New York State Human Rights Law, New York Executive Law §290 *et seq*.

3. Plaintiff alleges herein that he was denied the equal terms, conditions and privileges of employment, subjected to discrimination based on race, color, and/or national origin and also victimized by an unlawful termination.

## JURISDICTION AND VENUE

4. The jurisdiction of this Honorable Court is invoked pursuant to and under 28 U.S.C. §§ 1331, 1343 and 1367.

5. The unlawful acts alleged herein were committed in whole or in part in the Southern District of New York.

## ADMINISTRATIVE PROCEEDINGS

6. Plaintiff has satisfied all procedural requirements prior to commencing this action in that he timely filed charges of discrimination with the United States Equal Employment Opportunity Commission and his complaint was dual filed with the New York State Division of Human Rights. The Plaintiff requested and received a written Dismissal from the Commission and the instant complaint has been filed within ninety days of the receipt thereof.

## PARTIES

7. Plaintiff at all times relevant herein resided within the State of New York.

8. Upon information and belief the Defendant is an "employer" within the meaning of 42 U.S.C. §2000 *et seq* and New York Executive Law §290 *et seq.*

## ALLEGATIONS

9. Plaintiff hereby repeats and realleges each allegation contained in paragraphs "1" through "8" as if fully set forth herein.

10. The Plaintiff is a 71 year-old African American male of Jamaican national origin who had been employed by the Defendant since 2016 as a Direct Support Professional at their Rick Lane work location, which was generally and widely known at the Defendant to be a challenging work site.

11. During his period of working for the Defendant the Plaintiff has always acted in a competent and professional manner, without time, attendance, disciplinary nor negative performance issues of any kind (except as to any such matters under dispute herein), in fact, the Plaintiff was never late or used any sick time and he often worked triple shifts to cover Defendant's staffing needs.

12. As proof of his outstanding level of performance, the Plaintiff was given a Quality Matters Award in November 2018 and made an honoree by the Defendant at a breakfast to acknowledge it.

13. Upon information and belief, the Plaintiff was subjected to various types of discrimination and to an unlawful termination based on his race, color, and/or national origin.

14. During the relevant time period, the Resident Director was Jeffrey Greenberg and Plaintiff's immediate Manager was Mishika James (hereinafter "James"); James often treated the Plaintiff and other minority employees differently from Defendant's non-minority employees; for example, James questioned overtime hours where no other employee's were questioned despite the fact that all overtime was approved by

management; she also played favorites, allowing preferred employees to come in late and leave early; she also never dealt with unauthorized use of the van by her favored employees, which were blatant violations of Defendant policy.

15. When the Plaintiff pointed out the unfair treatment that James was subjecting him to she failed to address his complaints and, in fact, she reacted angrily when the Plaintiff did so; at any rate, no remedial action was taken by her or any other Defendant managers or administrators, or by the Human Resources Department.

16. The Plaintiff was summarily and unfairly terminated without advance warning on or about October 19, 2021, despite his exemplary record of service with the Defendant; the Plaintiff was never given a written Notice of Termination but was only informed verbally by Human Resources that he was being fired.

17. It is the Plaintiff's belief that his termination was unlawful, unfair and discriminatory; the Plaintiff was never provided the opportunity to offer an explanation for what allegedly occurred, nor, to the Plaintiff's knowledge, was an investigation ever conducted by the Defendant into the circumstances surrounding the termination.

18. No definitive reason for the termination was ever provided to the Plaintiff; he heard rumors only that it related to van usage but this seems dubious because van usage of the type in which the Plaintiff engaged was widespread and accepted throughout the Defendant; there were also rumors referencing drug use, which was totally unfounded, stereotyping, false, and to the Plaintiff's knowledge, could not have been the basis for a termination under these circumstances.

19. To the Plaintiff's knowledge, although the Defendant has a written anti-discrimination policy, they do not properly enforce it's provisions.

20. At the time of his termination, the Plaintiff was making approximately $150,000 per year; since being terminated, he has been unable to obtain replacement employment, despite his good faith efforts to do so.

21. In addition, the Defendant is now unfairly trying to deny Plaintiff's OPWDD Retention and Longevity bonus even though he obviously qualifies and this payment could potentially be as high as $40,000, a much needed payout for Plaintiff's financial situation and age, and one which he has rightfully earned.

### AS AND FOR A FIRST CAUSE OF ACTION BASED ON RACE/COLOR UNDER TITLE VII OF THE 1964 CIVIL RIGHTS ACT

22. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "21" as though fully set forth herein.

23. By engaging in the foregoing conduct, the Defendant has violated Plaintiff's rights under Title VII, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

### AS AND FOR A SECOND CAUSE OF ACTION BASED ON RACE/COLOR UNDER NEW YORK EXECUTIVE LAW §290

24. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "23" as though fully set forth herein.

25. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

### AS AND FOR A THIRD CAUSE OF ACTION BASED ON NATIONAL ORIGIN UNDER TITLE VII OF THE 1964 CIVIL RIGHTS ACT

26. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "25" as though fully set forth herein.

27. By engaging in the foregoing conduct, the Defendant has violated Plaintiff's rights under Title VII, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

### AS AND FOR A FOURTH CAUSE OF ACTION BASED ON NATIONAL ORIGIN UNDER NEW YORK EXECUTIVE LAW §290

28. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "27" as though fully set forth herein.

29. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental

anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Norman Dell respectfully requests that this Court assume jurisdiction herein and thereafter:

1. Award Plaintiff appropriate compensatory and punitive damages in an amount to be defined and determined;

2. Award reasonable attorney's fees and the costs of this action;

3. Award such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial for all claims stated herein.

Dated:  Ossining, New York
            January 9, 2023

                                                Respectfully submitted,

                                                Law Office of Paul N. Cisternino, P.C.
                                                *Attorneys for Plaintiff*

                                                *___/S/ Paul N. Cisternino_____*
                                                Paul N. Cisternino (PC-0317)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          INDEX NO. _____

NORMAN  DELL, Plaintiff

-against-

RICHMOND  COMMUNITY  SERVICES,  Defendant

VERIFIED COMPLAINT AND

JURY TRIAL DEMAND

Law Office of Paul N. Cisternino, P.C.
16  Briarbrook Road
Ossining, New York 10562
Tel: (914) 330-1527
*paulcist20@gmail.com*

- **Litigation Back** -

8